IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01644-EWN-BNB

NANCY ROBERTA HUGHES,

Plaintiff,

v.

GREGORY GENTRY, in his individual and official capacities,
ROBERT HART, in his individual and official capacities, and
CITY AND COUNTY OF DENVER,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following:

(1) Plaintiff's **Motion to Vacate Scheduling Conference Set for October 2, 2008** [Doc. # 16, filed 9/29/2008] (the "Motion to Reset"); and

(2) **Motion to Withdraw** [Doc. # 18, filed 10/1/2008] by plaintiff's counsel.

The Motion to Reset is GRANTED and the Motion to Withdraw is DENIED, all as specified below.

The motions recite that "ethical differences and conflicts of interest" have developed between the plaintiff and her counsel. Motion to Withdraw at ¶2. In addition, plaintiff's counsel reports that he has been unable to confer with his client on matters relating to the scheduling order and, consequently, has been unable to complete a scheduling order. Motion to Reset at ¶¶2-3. Plaintiff's counsel seeks to withdraw from his representation and requests that the scheduling conference be postponed until after the court rules on his Motion to Withdraw.

Attorneys seeking to withdraw from representation must comply with local rule of practice 83.3D, D.C.COLO.LCivR, which requires, among other things, that the motion to withdraw must include the following:

> Withdrawal shall be effective only on court order entered after service of the notice of withdrawal on all counsel of record and on the withdrawing attorney's client. . . . Notice to the attorney's client must include the warning that the client personally is responsible for complying with all court orders and time limitations established by any applicable rules.

The Motion to Withdraw does not indicate that any complying notice has been served on the plaintiff.

I will briefly postpone the scheduling conference to allow plaintiff's counsel either to file a proposed scheduling order or to file a proper motion to withdraw, whichever may be appropriate. Under either circumstance, however, I will require that the plaintiff be present in person at the reset scheduling conference.

IT IS ORDERED that the Motion to Withdraw [Doc. # 18] is DENIED for failure to comply with D.C.COLO.LCivR 83.3D.

IT IS FURTHER ORDERED that the Motion to Reset [Doc. # 16] is GRANTED. The scheduling conference set for October 2, 2008, at 9:00 a.m., is VACATED and RESET to **October 21, 2008, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER ORDERED that the plaintiff must appear personally at the scheduling conference on October 21, 2008, at 8:30 a.m. Counsel for the plaintiff shall serve a copy of this

order to the plaintiff and take all other steps reasonably necessary to cause the plaintiff to appear at the scheduling conference as ordered.

IT IS FURTHER ORDERED that on or before **October 14, 2008**, either (1) the parties shall prepare a proposed scheduling order and submit it to the court or (2) plaintiff's counsel shall file a motion to withdraw which complies with the requirements of D.C.COLO.LCivR 83.3D.

Dated October 1, 2008.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge